Charles A. Loreto, J.
Petitioner moves for a stay of arbitration. It had sold certain fabrics to the respondent under written orders, one dated August 7, 1957, and two dated November 15, 1957, bearing numbers 1100 and 1101. It appears that as of May 28,1958, no deliveries had been made under the order bearing number 1101. Disputes had arisen upon the claim of the respondent that the merchandise delivered was imperfect. As a result, the respondent delivered to the petitioner its general release upon full settlement of all disputes and the payment by the petitioner of the sum of $12,000. Thereafter, deliveries were made to the respondent which are the subject of the arbitration demanded by it.
The parties engaged in no other written contract on or after May 28, 1958, save as hereafter mentioned, and it is petitioner’s contention that none exists, and therefore there is no basis for demand for arbitration.
Upon the basis of the general release no arbitrable issue could arise for by it claims and contracts theretofore existing were wholly dissolved. However, it appears, as respondent contends, that the release, while dated May 28, 1958, was delivered to the petitioner with an accompanying letter, dated June 3, 1959, as follows:
“ Confirming our conversation I am enclosing the release as per your request.
1' As arranged with you we paid the last invoice to Mill Factors and deducted the last $3000.00 due us. This is in complete and final payment of any losses we sustained or will sustain on the piece goods shipped to us up to May 15th, 1958. All subsequent shipments are guaranteed by you.
“ Both Mr. Bakal and myself hope that this is the end of our problems and the beginning of bigger and better business.”
Thus, the intent and purport and the coverage of the release must be gathered not alone from that document, but from its consideration together with the June 3, 1959 letter.
All matters arising after the contract must be left to the determination of the arbitrator, unless it is clearly established that no arbitrable issue exists. The effect of the general release is thus placed in dispute, despite the fact that petitioner denies the receipt of the letter of June 3, 1959. Such dispute differs from the one present in Matter of Minkin (Halperin) (279 *125 App. Div. 226, affd. 304 N. Y. 617). There, it was contended that the document canceling the agreement containing the provision for arbitration was procured by fraud and duress. Such a claim is entirely independent and must be asserted by plenary suit before arbitration under the original contract may be reached. Here the issue concerns the question whether the release is general and covers the matters in dispute, or is limited only to the disputes having arisen under the contract of August 7, 1957 and the contract of November 15, 1957, bearing number 1100.
The motion is denied.